795 F. Supp. 1172

D&M WATCH CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–12–01775 etc.

(Dated August 18, 1992)

*Irving A. Mandel* (*Steven R. Sosnov* and *Jeffrey H. Pfeffer*) for the plaintiffs.
*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice (*James A. Curley*); Office of Assistant Chief Counsel, U.S. Customs Service (*Edward N. Maurer*), of counsel, for the defendant.

### MEMORANDUM OPINION AND ORDER

AQUILINO, *Judge*: Final judgment entered in the above-numbered case on May 7, 1990 and in 104 other, similar cases between April

1990 and December 1991 on behalf of various named plaintiff importers, including D & M Watch Corp., docketed in this Court of International Trade as 83–01–00040–S, 83–04–00548, 83–05–00723, 83–07–00957, 83–07–00986, 83–07–00988–S, 83–07–01058, 83–08–01243, 83–08–01246, 83–09–01287–S, 83–09–01289, 84–01–00008, 84–01–00128, 84–03–00424, 84–03–00428, 84–04–00473, 84–06–00848, 84–07–00957, 84–07–00972, 84–07–00982, 84–07–00986, 84–07–00988, 84–08–01117, 84–09–01323, 84–11–01567, 84–11–01568, 84–12–01794, 85–01–00058, 85–02–00162, 85–02–00165, 85–02–00227, 85–03–00368, 85–03–00443, 85–04–00501, 85–04–00573, 85–05–00729, 85–07–00996, 85–08–01012, 85–08–01013, 85–08–01071, 85–08–01073, 85–08–01117, 85–08–01118, 85–08–01119, 85–09–01156, 85–10–01523, 85–10–01527, 86–04–00440, 86–04–00441, 86–05–00595, 86–05–00596, 86–06–00768, 86–06–00771, 86–06–00793, 86–07–00846, 86–07–00847, 86–07–00849, 86–07–00945, 86–09–01128, 86–09–01209, 86–11–01399, 86–11–01489, 86–12–01505, 86–12–01506, 86–12–01532, 86–12–01593, 87–01–00030, 87–01–00052, 87–01–00078, 87–01–00090, 87–01–00108, 87–02–00180, 87–03–00482, 87–03–00515, 87–03–00516, 87–03–00521, 87–03–00538, 87–03–00539, 87–08–00862, 87–08–00863, 87–08–00864, 87–08–00865, 87–08–00871, 87–09–00920, 87–09–00922, 87–09–00967, 87–09–00968, 87–09–00972, 87–10–01002, 87–10–01003, 87–10–01015, 87–10–01042, 87–11–01072, 87–12–01151, 87–12–01153, 88–02–00115, 88–02–00146, 88–04–00267, 88–04–00306, 88–04–00313, 88–05–00371, 88–07–00529, 88–07–00531 and 88–07–00532. Each of the judgments had been submitted to the court upon an agreed statement of facts and provided for reliquidation of certain entries listed therein.

After the Customs Service had refused or failed to reliquidate all such entries, the plaintiffs interposed a motion for citation of contempt of court and other relief against the defendant. A hearing in conformity with CIT Rule 63 was held, and the court thereafter granted in part that motion per Slip Op. 92–58, 16 CIT 285, (April 24, 1992), familiarity with which is presumed. Among other points, the court concluded that the defendant was indeed in contempt, whereupon the Chief of the New York Customs Region's Residual Liquidation and Protest Branch and the defendant and its other officers, employees, agents, servants, sureties and assigns were ordered to reliquidate within 30 days

> each and every entry listed on the final judgments entered in the 105 actions enumerated above and not previously reliquidated or annotated by the parties as "not stipulable" and which would result in lower duties, with any resulting duty differentials to be paid to the plaintiffs, together with interest thereon as provided by law

and then to serve and file a written report of compliance. *Id.* at 28–29. On May 26, 1992, the defendant filed such a report, followed by a supplement on June 5th. In addition to describing steps taken, the defendant

requested further instructions regarding six entries allegedly involving "exceptional circumstances".

I

A hearing was held on defendant's report(s) on June 16, 1992, at which time the plaintiffs abandoned any claim regarding two of the remaining entries in question. As for the other four, the parties agreed to make refunds on a pro-rata basis, and they submitted a proposed order providing, in part, that the defendant

calculate the average duty refund given on other entries from among the 612 entries reliquidated pursuant to Slip Op. 92–58 for the individual importer and apply that derived percentage to the liquidated duties on the individual lost entry.

In addition to hearing on June 16th from the defendant regarding its efforts to purge itself of contempt, the court afforded the plaintiffs an opportunity to be heard on their motion for award of costs and attorneys' fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Based on the record developed, the court issued Slip Op. 92–97, 16 CIT 509 (June 26, 1992), and six orders *sub nom. D & M Watch Corp. v. United States*, CIT Nos. 83–12–01775 and 84–04–00473, *Dynamic Supply Co. v. United States*, CIT No. 84–07–00986, *Americana Creations v. United States*, CIT No. 84–08–01117, *Time Electronics Corp. v. United States*, CIT No. 84–11–01567, and *Liberty International Trading v. United States*, CIT No. 87–10–01015. Again, familiarity is presumed. Among other things, the order filed in lead case 83–12–01775 granted the motion for costs and fees

to the extent that the plaintiffs in the above-numbered cases recover against the defendant $453.30 in costs and $59,550 as reasonable fees on behalf of their attorneys.

The orders in cases 84–04–00473, 84–07–00986, 84–08–01117 and 84–11–01567 directed the defendant to reliquidate the four entries referred to above

by first calculating the average duty refund for other entries from among the 410 entries reliquidated pursuant to Slip Op. 92–58 on behalf of the above-named plaintiff importer[,] * * * applying that derived percentage to the liquidated duties on the [given] entry

and then transmitting the refund so derived, plus interest, to the respective plaintiff.

Since entry of those orders, the defendant has interposed three motions for relief related thereto. The first, styled as Motion to Alter or Amend Judgment Orders Entered on June 26, 1992, takes issue with the above-quoted, mandated mode of calculating the average duty refunds upon a representation that the "parties agreed that the average would be based on 612 entries rather than 410 entries, as provided in the order[s]." However, in compliance with those orders, and before their time

to respond to this motion had run, the plaintiffs reported receipt of four refund checks – on July 9 and 10, 1992. Their report stated further that they did "not know the basis defendant used to calculate the pro-rata refunds and, therefore, do not offer any opinion on the propriety thereof."

This report precipitated Defendant's Motion to Stay Enforcement of Judgment Orders Entered on June 26, 1992 or, in the Alternative, for an Extension of Time. Attached to this second motion is a copy of a letter to the court dated July 17, 1992 and explaining:

> The basis on which the refunds were calculated was the average duty refund for the importer from among 612 entries, as described in paragraphs 5 and 6 of Mr. Ryan's declaration of May 26, 1992. The process of reliquidating the entries in the cases noted above, and in preparing refund checks, began shortly after the hearing on June 16, 1992, so that the checks would issue by July 7, 1992. The plaintiffs submitted a proposed order, which the defendant consented to, on June 19, 1992. Final preparations for issuing the refund checks were completed by the Customs Service on June 19, 1992. The Court entered an order [*sic*] on June 26, 1992, directing the defendant to calculate the refund based on an average duty refund of 410 entries, rather than 612. The defendant then moved the Court on June 30, 1992, to alter or amend the order to change the "410" entries to "612," as agreed to by the parties. The plaintiffs opposed the motion on July 15, 1992.
>
> The Customs Service's calculation of the duty refunds in the cases noted above thus was based on the expectation that the Court would enter the order submitted by the parties on June 19, 1992. Since the defendant's motion is *sub judice*, the defendant will seek a stay or an extension of time in which to comply if that becomes necessary.

Thirdly, the defendant has served and filed a motion to alter or amend the lead Slip Op. 92–97 order

> to provide that the award of costs and attorneys fees be paid by the defendant directly to each of the 22 plaintiffs in these cases in equal amounts, or in such other amounts as the Court may direct.

A hearing was held on these three motions on August 13, 1992.

## II

To address the last motion first, as indicated above, the total award of costs and attorneys' fees is found in one order, filed in the name of the lead plaintiff, D & M Watch Corp., CIT No. 83–12–01775. The court opted for this approach in the interest of administrative ease. Nevertheless, the defendant now contends that the order

> does not state how the award of attorneys fees should be apportioned among the 22 plaintiffs in these cases, nor to whom it should be paid.
>
> It is not possible for the Customs Service to make one check payable to 22 plaintiffs. Consequently, 22 separate checks must be prepared.

Plaintiffs' counsel candidly admits that he "reacted angrily" to this motion, characterizing it as

> clearly a malicious attempt to set plaintiff against plaintiff, and to interfere with the attorney-client relationships. [Defendant's counsel] was told that Customs, based on written consents of the involved plaintiffs, had sent the refund checks in these matters, made payable to each plaintiff, to the plaintiff in care of their counsel on each and every entry. [Defendant's counsel] was told that no reason in law or logic existed why attorneys fees as damages should not be so handled, save solely for a malicious purpose.[1]

Apparently, this response was preceded by a letter from him to defendant's counsel to the effect that he "fully appreciate[s] that attorney's fees awarded as damages are the funds of the client as opposed to being the property of counsel"[2] and offering to "sort out the appropriate rights and responsibilities of our clients with our clients."[3] Stated in other words in plaintiffs' subsequent formal response: "We can keep our own house in order."[4]

At the hearing, the court heard nothing to the contrary, nor is it aware of anything in the record of these proceedings which could enable it to conclude otherwise.

To the extent that Slip Op. 92–97 left the defendant with a genuine sense of uncertainty as to satisfaction of the award of costs and attorneys' fees or subsequent internecine behavior on the other side, perhaps this decision, reaffirming the court's original intent that the Customs Service draw one check in the total amount of $60,003.30, payable to the order of D & M Watch Corp. *et alia*, c/o Irving A. Mandel, 40 Exchange Place, New York, New York 10005, will allay any such fears. Although to be drawn in the name of the lead plaintiff *et alia*, the court hereby affirms that the total amount of the check is the entitlement of all of the named parties plaintiff in accordance with the governing facts and law, as effectuated by their attorneys of record, who are officers of this Court of International Trade.

Indeed, the plaintiffs produced at the hearing on August 13th copies of the four duty-refund checks at issue in defendant's other two motions, each drawn to the order of the particular plaintiff importer, care of Mr. Mandel at his office address.

In regard to those motions, at the request of the court, the defendant has now submitted the data relied on by Customs in calculating the four refunds. The data show Americana Creations, for example, to be the party plaintiff in CIT Nos. 83–07–01058, 84–01–00008 and 84–12–01794, as well as in case 84–08–01117, together encompassing some 34 numbered entries. The data further reveal duty refunds on 17

---

[1] Plaintiff's [*sic*] Opposition to Defendant's Motion to Alter or Amend Judgment Order of June 26, 1992, p. 1.

[2] Defendant's Motion to Alter or Amend Judgment Order Entered on June 26, 1992, Exhibit A, first page (July 24, 1992).

[3] *Id.* at 2.

[4] Plaintiffs' Opposition, p. 5.

of those entries, with 16 indicating zero refund.[5] The Service calculated the refund percentage to be 48.90 on those entries by dividing the total refund amount by the total duties paid on the 33 entries for which documentation exists. That percentage was multiplied by $3,408, the duties paid on entry 4701–81–533972–0, to arrive at $1,666.51 as the refund, plus interest thereon as provided by law.

Defendant's instant motion in support of this approach takes the position that it is

> not known whether the missing entries would actually have been reliquidated with refunds. It is logical however to determine the pro-rata share based upon the pool of entries which comprise both types of entries, including the 202 entries that were reliquidated without change * * *, and not just the 410 that resulted in refunds. That was the basis on which the Customs Service calculated the refunds * * *.[6]

Of course, the logic the court opted for in its June 26th orders was that the actual refunds could and would best determine the average thereof. That is, the parties' agreement, as reflected in their proposed form of order, neither represented the most compelling logic nor conclusive language. Nonetheless, the plaintiffs did agree, and they now offer only perfunctory opposition to the defendant, confirming receipt of their checks and contending thereby that the motion to alter or amend appears moot.

Certainly, defendant's unilateral action, which was not in conformity with the court's remedial orders, is still subject to judicial sanction. Agreements between parties which are made part of their lawsuits are always subject to judicial scrutiny. Here, suffice it to state that such, additional scrutiny at this time does not lead this court to conclude that the interests of justice have not been served by the approach taken by Customs. Ergo, it is hereby affirmed *nunc pro tunc*.

### III

Now, therefore, in the light of the foregoing discussion, it is

ORDERED that Defendant's Motion to Alter or Amend Judgment Orders Entered on June 26, 1992 (June 30, 1992) be, and it hereby is, granted to the extent that those orders entered in *D & M Watch Corp. v. United States*, CIT No. 84–04–00473, *Dynamic Supply Co. v. United States*, CIT No. 84–07–00986, *Americana Creations v. United States*, CIT No. 84–08–01117, and *Time Electronics Corp. v. United States*, CIT No. 84–11–01567, are deemed amended to provide for first calculation of the average duty refund from among the *612* entries reliquidated pursuant to Slip Op. 92–58; and it is further

ORDERED that Defendant's Motion to Stay Enforcement of Judgment Orders Entered on June 26, 1992 or, in the Alternative, for an Extension of Time be, and it hereby is, denied as moot; and it is further

---

[5] According to the parties, the papers for the remaining entry are "missing".

[6] Defendant's Motion to Alter or Amend Judgment Orders Entered on June 26, 1992, p. 2 (June 30, 1992).

ORDERED that Defendant's Motion to Alter or Amend Judgment Order Entered on June 26, 1992 (July 24, 1992) be, and it hereby is, denied; and it is further hereby

ORDERED that the defendant issue forthwith a check in the total amount of $60,003.30, payable to the order of D & M Watch Corp. *et al.*, c/o Irving A. Mandel, 40 Exchange Place, New York, New York 10005 and file a written report of compliance herewith with the court; and it is further hereby

ORDERED that, upon receipt of the check as aforesaid, the plaintiffs file with the court and serve upon the defendant written acknowledgment thereof.